[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties married on September 7, 1984 in Stamford, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Alexandrea Mary Clark, born May 20, 1985; Bradley Michael Clark, born March 20, 1989.
The evidence presented at the trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in § 46b-56, 46b-81, 46b-82 and 46b-84
C.G.S. in reaching the decisions reflected in the orders that follow.
No useful purpose would be served by reviewing the evidence presented in this matter. Unfortunately the parties were unable to resolve their marital difficulties. It is even more unfortunate that their is not enough money to keep two families afloat. The court has attempted to fashion financial orders in an equitable manner. The Court declines to assess fault to either party for the breakdown of the marital relationship.
I. Custody and Visitation
1. There shall be joint legal custody of the minor children with physical residence to be with the plaintiff.
2. The defendant shall be entitled to reasonable, liberal and flexible visitation with the minor children.
3. The defendant shall not consume alcohol 12 hours prior to any visitation with the minor children and shall not consume any CT Page 7955 alcohol during his visitation with the minor children.
4. In the event the defendant has any guns in the home, they shall be locked up and secured out of the reach of the children when the children are present for visitation.
II. Medical Coverage
1. The defendant shall continue to maintain the minor children his health insurance as is available through his place of employment. The defendant presently pays $48.37 per week for medical coverage for himself and the two minor children.
2. So long as the plaintiff is unemployed, the defendant shall pay any uncovered or unreimbursed medical, dental, orthodontal, psychiatric or similar expenses for the benefit of the minor children.
3. When the plaintiff becomes' employed on a full time basis, any such unreimbursed or uncovered medical expense shall be equally divided between the parties.
III. Life Insurance
1. The defendant shall maintain the two minor children as irrevocable beneficiaries on the life insurance that is available to the defendant at his place of employment, for so long as he has obligation for support. The plaintiff shall be named as trustee for the minor children during their minority.
2. The defendant testified he has $60,000. in Life Insurance available through his employment at the present time.
3. This provision shall be modifiable.
IV. Real Estate
The plaintiff shall quitclaim her interest in the marital home located at 60 Red Bush Lane, Milford, Connecticut to the defendant. The defendant shall be responsible for the mortgage, taxes and insurance including any mortgage arrears, and shall hold the plaintiff harmless from any and all liability in connection with said mortgage.
2. Upon the sale of the real estate or when the youngest child CT Page 7956 reaches the age of 18 years, whichever event shall first occur, the defendant shall pay to the plaintiff the sum of $7500.00 — plaintiff's interest shall be secured by a mortgage deed and non-interest bearing note.
V. Child Support
1. In the previous two years, the defendant earned substantial overtime, earning $45,000 in 1994 and $47,000. in 1993. At the present time he is earning $33,462. at his present place of employment where he has been employed for three months. The defendant earns approximately $16. per hour. The defendant's net pay at his present employment is $394.05 net per week. In addition, the defendant has two roomers in his home who pay a total of $200 per week, increasing the defendant's disposable income to $594.05 per week.
2. The plaintiff is presently unemployed and has unemployment income of $258. per week.
3. Based on these above figures, the child support guidelines provide for a child support order in the amount of $215 per week for 2 minor children.
4. The Court is going to deviate from the child support guidelines because the defendant is paying medical coverage for the minor children and all unreimbursed medicals while the plaintiff is unemployed. There is just not enough money to go around in this case to keep two families afloat.
5. The court enters a child support order in the amount of $170. — for the two minor children. In addition, the defendant shall pay to the plaintiff as child support, the sum of 1/3 of any overtime he receives, not to exceed the total amount of $215 per week child support.
VI. Alimony
1. The plaintiff has had spinal chord surgery on two occasions in the past 8 years. She has a 20% disability of the neck and right arm. She has had 2 discs removed from her neck and has not been rated as a result of her 2nd operation. The plaintiff worked continually during the marriage or had workmen's compensation or unemployment compensation income. The plaintiff expects to be gainfully employed within a reasonable period of time. CT Page 7957
2. The plaintiff is awarded alimony in the amount of $25. per week for a period of 6 years or until the death of the plaintiff, the death of the defendant or the remarriage of the plaintiff, whichever event shall first occur.
3. In 6 years the minor children will be 16 and 12 years of age and the cost of date care should be reduced. Six years will give the plaintiff an opportunity to obtain meaningful employment in her field.
VII. Debts
1. The plaintiff shall be responsible for the Discover Bill and in the amount listed on the financial affidavit and shall hold the defendant harmless.
2. The defendant shall be responsible for the Master Card Bill in the amount listed on the Financial Affidavit and shall hold the plaintiff harmless.
VIII. Personal Property
1. Each party shall retain their respective 401(k)'s and pensions.
2. The defendant shall be entitled to the riding lawn mower and the kitchen table.
3. The plaintiff shall be entitled to her exercise bike, the and the children's toys and the depression glass collection.
4. The plaintiff shall be entitled to the children's beds and furniture when she obtains her own apartment.
5. As to the remaining items of personal property in dispute, the parties are referred to Family Relations to mediate the distribution of the remaining disputed items. If mediation is unsuccessful, the parties shall return to court for a hearing and orders therein.
IX. Counsel Fees
1. Each party shall pay their own counsel fees. CT Page 7958
X. Wage Withholding
1. An immediate wage withholding is ordered.
COPPETO, J.